UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS A. QUINN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 3011 |
| v. ) | Hon. Marvin E. Aspen |
| ) | |
| CHICAGO TRANSIT AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff Marcus A. Quinn, a former employee of Defendant Chicago Transit Authority ("CTA"), brings this action against CTA alleging: (1) discrimination on the basis of disability in violation of Sections 501 and 505 of the Rehabilitation Act, 29 U.S.C. §§ 791 and 794a, and the Americans with Disabilities Act of 1990 ("ADA") as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §§ 12101–12213, and (2) retaliatory discharge in violation of the Illinois Worker's Compensation Act ("IWCA"). Presently before us is Defendant's motion to dismiss Plaintiff's amended complaint. (Mot. (Dkt. No. 34).) For the reasons stated below, Defendant's motion to dismiss is granted in part and denied in part.

**BACKGROUND**

At the motion to dismiss stage, we accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the Plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011). On August 11, 2014, Plaintiff began

to work as a trackman for Defendant. (Am. Compl. (Dkt. No. 30.) ¶¶ 11, 13.) His responsibilities included inspecting, maintaining, repairing, and constructing CTA railroad tracks, as well as signaling and flagging activities associated with track construction and maintenance. (*Id*. ¶ 13.) Plaintiff worked under the supervision of three individuals: Ricky James, Defendant's Roadmaster; "Jeanine," the Senior Manager; and Scott Brown, to whom Plaintiff reported to sign in and out while on the job. (*Id*. ¶ 12.)

On December 29, 2014, Plaintiff injured his hand while working on the train tracks alongside James. (*Id*. ¶¶ 12, 20.) Plaintiff alleges that a wooden tie dropped on his left hand and his finger became smashed between the rails. (*Id*. ¶ 20.) The same day, Plaintiff left work to visit a medical clinic to have his injury looked at, but he was unable to see a doctor and returned to work the same day. (*Id*. ¶¶ 22–23.) On December 30, 2014, Plaintiff was seen by a medical professional, given a splint for his finger, and allowed to return to work with limited activity. (*Id*. ¶ 27.) He was diagnosed with "a fractured and contused finger." (*Id*. ¶ 10.)

On January 7, 2015, Plaintiff returned to the medical clinic, and was told he was restricted from returning to work until his next visit on January 14, 2015. (*Id.* ¶ 34.) The clinic also provided a "physical capacities evaluation" which documented Plaintiff's limited use of his left hand. (*Id*. ¶¶ 34–35.) Plaintiff filed for worker's compensation benefits the same day. (*Id*. ¶ 35.) On January 8, 2015, Plaintiff received clearance from his doctor and approval from his employer to take a medical leave from work. (*Id.* ¶ 36.) Plaintiff returned to the clinic again on February 12, 2015, at which time he was advised against "lifting anything more than twenty pounds." (*Id*. ¶ 37.) In addition, he was "told that he had limited use of his left hand" and needed physical therapy. (*Id*.) He eventually returned to work on February 16, 2015. (*Id.* ¶ 39.)

Plaintiff claims he sent verification of his medical condition to Defendant and

2

documented his restrictions on several occasions, and Defendant was aware of his hand injury. (*Id*. ¶¶ 38, 40, 50, 57.) Plaintiff further alleges that he was discriminated against, harassed, and subjected to a hostile working environment after his injury and after taking medical leave. (*Id*. ¶¶ 19, 52, 58, 60.) Plaintiff was ultimately terminated following a hearing with the Vice President of CTA on February 25, 2016. (*Id*. ¶¶ 40–43.) During the hearing, "Plaintiff was pulled outside and was told his termination was due to his missing work because of his injury." (*Id*. ¶ 42.) Plaintiff alleges he was never offered another position or "given other tasks within his job duties which he could complete with or without reasonable accommodation." (*Id.* ¶ 43.)

Plaintiff filed a discrimination charge against Defendant with the Illinois Department of Human Rights ("IDHR") on August 19, 2015. (*Id*. ¶ 6; *see also* IDHR Charge (Dkt. No. 8) at PageID #:32–34.) After receiving a right to sue letter from the EEOC on January 26, 2017, Plaintiff filed a *pro se* complaint against Defendant on April 21, 2017. (Dkt. No. 1.) He later amended his complaint on March 2, 2018 after he obtained legal representation. (Dkt. No. 30.)

In Count I of Plaintiff's amended complaint, he asserts Defendant discriminated him in violation of the Rehabilitation Act and the ADAAA. (*Id.* ¶¶ 45–61.) Count II asserts a claim for retaliatory discharge in violation of the Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/1 *et seq*. (*Id*. ¶¶ 62–70.) Defendant has moved to dismiss Plaintiff's amended complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6). (Mem. in Support of Mot. to Dismiss ("Mem.") (Dkt. No. 35).) Defendant argues the complaint should be dismissed because (1) Plaintiff's claim under the Rehabilitation Act and his state-law retaliatory discharge claim are time-barred; (2) Plaintiff failed to exhaust administrative remedies under the ADA; and (3) the complaint fails to state a claim under federal pleading standards.

## LEGAL STANDARD

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citing *Triad Assocs., Inc. v. Chi. Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. While the plaintiff need not plead "detailed factual allegations," he must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65.

## ANALYSIS

### I. COUNT I

Defendant argues Plaintiff raises multiple claims in Count I of the amended complaint, which generally alleges disability discrimination under both the Rehabilitation Act and the ADAAA. (Am. Compl. ¶¶ 1, 45–61.) Defendant contends that any claim under the Rehabilitation Act is time-barred. (Mem. at 3–4.) Defendant also argues Plaintiff's ADAAA claims must be dismissed because they fail to state a claim. (*Id.* at 5–10.) We address each Count I claim as follows.

### A. Rehabilitation Act

The Rehabilitation Act protects a "qualified individual with a disability" from discrimination "solely because of a disability in any program receiving federal financial assistance." *Branham v. Snow*, 392 F.3d 896, 902 (7th Cir. 2004) (citing 29 U.S.C. § 794(a)). The Rehabilitation Act does not provide a statute of limitations, so we instead "look to state statutes governing personal injury suits." *Cheeney v. Highland Cmty. Coll.*, 15 F.3d 79, 81 (7th Cir. 1994); *Bush v. Commonwealth Edison Co.*, 990 F.2d 928, 933 (7th Cir. 1993). The Seventh Circuit has directed that Illinois' two-year statute of limitations for personal injury actions, 735 ILCS 5/13–202, applies to actions brought under the Rehabilitation Act. *Rutledge v. Ill. Dep't of Human Servs.*, 785 F.3d 258, 260 (7th Cir. 2015); *Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 n.5 (7th Cir. 2000); *Cheeney*, 15 F.3d at 81. Thus, Plaintiff's Rehabilitation Act claim must "be commenced within 2 years next after the cause of action accrued." 735 ILCS 5/13–202.

Borrowing the two-year personal injury statute of limitations, Plaintiff's Rehabilitation Act claim is untimely. Plaintiff did not file his complaint in federal court until April 21, 2017. Therefore, any Rehabilitation Act claim arising before April 21, 2015 is time-barred. Plaintiff's cause of action accrued at the latest upon his termination on February 25, 2015. (Am. Compl. ¶ 15.) Because Plaintiff did not file this suit until more than two years later, his Rehabilitation Act claim is time-barred. *Rutledge*, 785 F.3d at 260; *Cheeney*, 15 F.3d at 81.

### B. ADAAA Claim

Defendant also argues Plaintiff's disability discrimination claims in Count I brought pursuant to the ADAAA should be dismissed. (Mem. at 4–10, 11–14.) "The ADA prohibits employers from taking adverse employment actions against their employees because of a

disability." *Fleishman v. Cont'l Cas. Co.*, 698 F.3d 598, 606 (7th Cir. 2012); *see also* 42 U.S.C. § 12112(a). To establish a violation of the ADAAA, an employee must show that: (1) he is disabled, (2) he is "otherwise qualified to perform the essential functions of the job with or without reasonable accommodation," and (3) the employer took an adverse employment action against him because of his disability or failed to make a reasonable accommodation. *Winsley v. Cook Cty.*, 563 F.3d 598, 603 (7th Cir. 2009) (citing *Stevens v. Ill. Dep't of Transp.*, 210 F.3d 732, 736 (7th Cir. 2000)); *see also Povey v. City of Jeffersonville*, 697 F.3d 619, 622 (7th Cir. 2012); *Timmons v. Gen. Motors Corp.*, 469 F.3d 1122, 1127 (7th Cir. 2006). A plaintiff may state a claim for discrimination under the ADAAA "by advancing either (1) a failure to accommodate theory—that is, the employer failed to provide a reasonable accommodation for the employee's disability—or (2) a 'disparate treatment' theory—that is, the employer treated the employee differently *because of* her disability." *Love v. First Transit, Inc.*, No. 16 C 2208, 2017 WL 1022191, at *2 (N.D. Ill. Mar. 16, 2017) (citing *Sieberns v. Wal-Mart Stores, Inc.*, 125 F.3d 1019, 1022 (7th Cir. 1997)).

1. <u>Fair Notice and Exhaustion</u>

Defendant first argues Plaintiff has failed to provide fair notice of his ADAAA claim because he does not articulate whether he is proceeding under a failure to accommodate or disparate treatment theory of discrimination. (Mem. at 5.) In addition, Defendant contends that insofar as Plaintiff is alleging a disparate treatment claim, it is not clear whether Plaintiff is asserting discrimination based on an actual disability or for being regarded as having a disability. (*Id.*) Relatedly, Defendant argues Plaintiff failed to exhaust his administrative remedies for any claim under the ADAAA except a disparate treatment claim for being regarded as having a disability. (Def. Mem. at 13; Def. Reply at 1–2, 11–12.)

While Plaintiff's complaint is far from a model of clarity, it adequately puts Defendant on notice of his claims. To the extent Plaintiff's allegations state both that he was actually disabled and that he was discriminated against for a perceived disability, his claims are not foreclosed because a plaintiff may plead alternative or contradictory sets of facts and theories of liability. Fed. R. Civ. P. 8(d)(2). Plaintiff may set forth "inconsistent legal theories in his . . . pleading and will not be forced to select a single theory in which to seek recovery against the defendant." 5 Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 1283 (3d ed.). Plaintiff has alleged enough to put Defendant on notice that he is pursuing an actual and perceived disability claim— he will ultimately need to prove that he was either disabled or that his employer perceived him as disabled, but at the motion to dismiss stage, his allegations are sufficient to state alternate claims. *See, e.g.*, *Banks v. Hit or Miss, Inc.*, 946 F. Supp. 569, 571 n.1 (N.D. Ill. 1996) (allowing plaintiff's "unartful pleading" of both an actual disability and a perceived disability to proceed past a motion to dismiss).

We turn next to Defendant's argument that Plaintiff failed to exhaust his administrative remedies. "[A] plaintiff is barred from raising a claim in the district court that had not been raised in his or her EEOC charge unless the claim is reasonably related to one of the EEOC charges and can be expected to develop from an investigation into the charges actually raised." *Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999); *accord Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). To be reasonably related, there must be a factual relationship between the claims in the charge and in the complaint, and they "must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Cheek*, 31 F.3d at 501; *see also Swearnigen-El v. Cook Cty. Sheriff's Dep't*, 602 F.3d 852, 864 (7th Cir. 2010); *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167–68

(7th Cir. 1976).

Defendant argues any claim based on disparate treatment due to an actual disability and failure to accommodate a disability must be dismissed for failure to exhaust administrative remedies under the ADA because they are not reasonably related to the claims raised in Plaintiff's IDHR charge. (Def. Reply at 11–12.) Plaintiff's charge[1] asserts discrimination based on "perceived disability" and describes the particulars of the charge as "discharge . . . based on a perceived disability, of not having full use of finger." (IDHR Charge (Dkt. No. 46) at PageID #:162.)[2] Plaintiff's prima facie allegations in the charge state:

---

[1] "The EEOC and the Illinois Department of Human Rights . . . have a work sharing agreement which provides for dual filing in both agencies, unless the complainant opts out. In other words, a charge filed with the EEOC is deemed to be filed with IDHR as well." *Aberman v. Bd. of Educ. of City of Chi.*, No. 12 C 10181, 2014 WL 4912139, at *3 (N.D. Ill. Sept. 30, 2014) (citing *Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 643 (7th Cir. 2004)). Here, Plaintiff filed his initial charge with the IDHR and eventually received a right to sue letter from the EEOC. (Am. Compl. ¶¶ 6–8.)

[2] Plaintiff references the IDHR charge in the complaint but did not attach it. (Am. Compl. ¶¶ 6–8.) Defendant indicates it attached the charge to its memorandum in support of its motion to dismiss, but the memorandum contains no attachments; Defendant did include the charge as an attachment to its reply brief, however. (*See* Mem. at 1; Reply at PageID #:162–63.) We may consider the charge as a part of the pleadings because it was referred to in Plaintiff's complaint and is central to his claim. *See Venture Assocs. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *McCauley v. Akal Sec., Inc.*, 833 F. Supp. 2d 864, 866 (N.D. Ill. 2011) ("Ordinarily, if a court in deciding a motion to dismiss considers documents not incorporated into the complaint, it must convert the motion to dismiss to a motion for summary judgment. However, an EEOC complaint is central to a discrimination claim, so the court may consider it in ruling on a motion to dismiss."); *Drebing v. Provo Grp., Inc.*, 494 F. Supp. 2d 910, 912 (N.D. Ill. 2007) (collecting cases concluding an EEOC charge is central to a discrimination claim).

> 1. I began my employment with Respondent on August 11, 2014, as a probationary employee. 2. On December 29, 2014, a finger on my left [sic] was fractured while performing my normal job duties. 3. I believe that Respondent erroneously perceived me to have a disability because I sat on a bench for at least a week without being given any work duties to perform. 4. On February 25, 2015, I was discharged. The reason given for my discharge was violation of general rules, obedience to rules, conduct unbecoming an employee and use of best judgement.

(*Id.* at PageID #:162–63.)

"[A] failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA." *Green*, 197 F.3d at 898; *see also Weigel v. Target Stores*, 122 F.3d 461, 464 (7th Cir. 1997). A disparate treatment claim is "based on the premise that an employer took an adverse employment action, such as termination, based on the employee's actual or perceived disability," whereas a reasonable accommodation claim "looks at an employer's failure to make accommodations to the known physical or mental limitations of an otherwise qualified individual." *Wamack v. Windsor Park Manor*, 836 F. Supp. 2d 793, 798 (N.D. Ill. 2011). However, failure to accommodate and disparate treatment allegations "may stem from identical, interrelated facts." *Love*, 2017 WL 1022191, at *4.

It cannot be disputed that Plaintiff did not explicitly state a failure to accommodate claim in his charge. Therefore, we consider whether such a claim is reasonably related to the claims in the charge and could be expected to develop from an investigation into the claims stated therein. *Green*, 197 F.3d at 898; *Cheek*, 31 F.3d at 501. Plaintiff's charge states that he fractured his finger, that Defendant "erroneously perceived [him] to have a disability," and that he "sat on a bench for at least a week without being given any work duties to perform." (IDHR Charge at PageID #:162–63.) While the charge is vague, it permits an inference that Defendant failed to accommodate Plaintiff by refusing to give him any work duties to perform. It is therefore not unreasonable that discovery of a failure to accommodate claim would arise from an investigation

9

of Plaintiff's IDHR charge. Further, Plaintiff's complaint alleges, among other things, that he was not given other tasks within his job duties which he could complete with or without reasonable accommodation," and he was ultimately terminated and "told it was due to him missing work because of his injury." (*Id.* ¶¶ 42–43, 59.) Both Plaintiff's discrimination and failure to accommodate claims arise from the same series of events, and similar conduct may underlie both theories. It is therefore plausible at this stage that he has exhausted his administrative remedies as to a failure to accommodate claim. *Morales v. Goodwill Indus. of Se. Wis., Inc.*, No. 14 C 2370, 2014 WL 4914255, at *4 (N.D. Ill. Sept. 30, 2014); *Ortiz v. Bd. of Educ. of City of Chi.*, No. 11 C 9228, 2013 WL 3353918, at *5 (N.D. Ill. July 2, 2013); *Wamack*, 836 F. Supp. 2d at 798; *see also Jordan v. Whelan Sec. of Ill., Inc.*, 30 F. Supp. 3d 746, 754 (N.D. Ill. 2014) (internal quotation omitted) (explaining the "reasonably related" standard is a "liberal one in order to effectuate the remedial purposes of Title VII, which itself depends on lay persons, often unschooled, to enforce its provisions"); *Cheek*, 31 F.3d at 500 ("[B]ecause most EEOC charges are completed by laypersons rather than by lawyers, a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint."). While "[f]urther development of the record may prove that [his] accommodation . . . claim[] [is] unrelated to his claim of disability discrimination," Defendant's motion to dismiss the failure to accommodate claim as outside the scope of the IDHR charge is denied at this juncture without prejudice. *Dibelka v. Repro Graphics, Inc*, No. 14 C 3190, 2014 WL 5858553, at *3 (N.D. Ill. Nov. 12, 2014).

The same is true of Plaintiff's actual disability claim. "Courts in this circuit have frequently found that 'regarded as' disability claims were 'reasonably related' to 'actual disability' claims made in preceding EEOC filings." *Richardson v. Chi. Transit Auth.*,

No. 16 C 3027, 2016 WL 6070359, at *4 (N.D. Ill. Oct. 17, 2016). The inverse is true here where Plaintiff's IDHR charge states he fractured and did not have full use of his finger, despite also stating Defendant "erroneously perceived" his fractured finger to constitute a disability. *See Anderson v. The Foster Grp.*, 521 F. Supp. 2d 758, 786 (N.D. Ill. 2007) (allowing Plaintiff to assert a perceived disability claim because it was reasonably related to the discriminatory conduct identified by the plaintiff's EEOC charge); *Denson v. Vill. of Bridgeview*, 19 F. Supp. 2d 829, 832 (N.D. Ill. 1998) (finding plaintiff was not limited to a perceived disability claim, finding his "actual impairment claim is reasonably related to his claim that the [defendant] regarded him as disabled because both claims involve allegations of discrimination based on [plaintiff's] nearsightedness"); *Dikcis v. Indopco, Inc.*, No. 96 C 5526, 1997 WL 211218, at *5 (N.D. Ill. Apr. 18, 1997) (finding allegation in plaintiff's EEOC charge that he was terminated because of a "perceived disability" did not foreclose his complaint alleging an "actual disability claim"). As both Plaintiff's perceived and actual disability claims involve allegations of discrimination based on Plaintiff's fractured finger, his IDHR claim appears reasonably related to the allegations in his complaint. Therefore, we deny Defendant's motion to dismiss based on Plaintiff's alleged failure to adequately exhausted administrative remedies.

    2. <u>"Qualified Individual with a Disability"</u>

Defendant also argues that Plaintiff has failed to allege he is disabled under the ADAAA. (Mem. at 6–7.) "To bring a claim for discrimination in violation of the ADA, a plaintiff must first allege that he is disabled." *Prince v. Ill. Dep't of Revenue*, 73 F. Supp. 3d 889, 893 (N.D. Ill. 2010) (citing *Duncan v. State of Wis. Dep't. of Health & Family Servs.*, 166 F.3d 930, 935 (7th Cir. 1999)). If Plaintiff is not disabled, "then neither his discrimination

11

claim nor his failure to accommodate claim can proceed, as this is the first element of both claims." *Cassimy v. Bd. of Educ. of Rockford Pub. Sch., Dist. No. 205*, 461 F.3d 932, 935–36 (7th Cir. 2006). The ADAAA defines a disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1); *see also* 29 C.F.R. § 1630.2 (stating an individual may establish a claim under any one or more of the three subsections: the "actual disability" prong, the "record of" prong, or the "regarded as" prong). Plaintiff raises his ADA claims on the basis of a "record of" disability under § 12102(1)(B) and being "regarded as" disabled under § 12102(1)(C). (Resp. at 7–8.)

Defendant argues all of Plaintiff's claims are barred because a broken finger is "an intermittent impairment that is not considered a disability under the ADA." (*Id.* at 6.) However, "a person with an impairment that substantially limits a major life activity, or a record of one, is disabled, even if the impairment is 'transitory and minor' (defined as lasting six months or less)." *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013). Therefore, an intermittent impairment is not a bar to Plaintiff's claims that he was discriminated against based on a "record of" an impairment.

Plaintiff has sufficiently alleged he was disabled based on a "record of" an impairment. "An individual has a record of a disability if the individual has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." 29 C.F.R. § 1630.2(k)(1). "An impairment substantially limits a major life activity when a person 'is either unable to perform a major life activity or is significantly restricted as to the condition, manner or duration under which the individual can perform the major life activity as compared to the average person in the general population.'" *Prince*,

73 F. Supp. 3d at 893 (quoting *Cassimy*, 461 F.3d at 936). "Major life activities" are broadly defined and include, among other things, performing manual tasks, lifting, and working. 42 U.S.C. § 12102(2)(A); 29 C.F.R. § 1630.2(i)(1)(i); *see also Pack v. Ill. Dep't of Healthcare & Family Servs.*, No. 13 C 8930, 2014 WL 3704917, at *2 (N.D. Ill. July 25, 2014) ("The ADA expressly provides that 'the definition of disability in this chapter shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter.'" (quoting 42 U.S.C. § 12101(4)(A))). Likewise, the term "substantially limits" is to be construed "broadly in favor of expansive coverage" and is "not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i); *see also Jenkins v. Chi. Transit Auth.*, No. 15 C 08415, 2017 WL 3531520, at *5 (N.D. Ill. Aug. 17, 2017).

Here, Plaintiff alleges that after the injury, he was "limited in activities such as performing manual tasks" and had "certain mobility impairments regarding one of his hands." (Am. Compl. ¶ 21.) He also alleges he was restricted from returning to work from January 7 to February 16, 2018 due to the "limited use" of his left hand, and following his February 12, 2015 doctor visit, he was again told he had limited use of his hand and was "advised against lifting anything more than twenty pounds." (*Id.* ¶¶ 34, 37, 39.)[3] Drawing all inferences in Plaintiff's favor, his allegations, while not robust, establish at least a plausible basis for finding a record of an impairment that substantially limited a major life activity. *See Jenkins*, 2017 WL 3531520,

---

[3] To the extent Plaintiff alleges he is "an individual with a disability within the meaning of . . . the ADA" and he is "a qualified individual with a disability," we disregard his allegations as conclusory. *See McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) ("In reviewing the sufficiency of a complaint under the plausibility standard announced in *Twombly* and *Iqbal,* we accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth.").

at *5 (concluding allegations that plaintiff's foot was fractured, that a doctor prescribed "limited" walking, and that she was required to wear a therapeutic boot were sufficient to "suggest a plausible claim that [plaintiff's] walking was substantially limited such that she would be considered disabled"); *Khan v. Midwestern Univ.*, 147 F. Supp. 3d 718, 723 (N.D. Ill. 2015) (finding an "impairment does not have to prevent or severely limit the life activity to qualify as substantially limiting," rather a plaintiff "needs only to allege sufficient facts to demonstrate a plausible claim of substantial limitation").

With respect to Plaintiff's alternative "regarded as" claim, under the ADAAA Plaintiff must show that Defendant "perceived him as having an impairment, 'whether or not the impairment limits or is perceived to limit a major life activity.'" *Silk v. Bd. of Trustees, Moraine Valley Cmty. Coll., Dist. No. 524*, 795 F.3d 698, 706 (7th Cir. 2015) (quoting 42 U.S.C. § 12102(3)(A)). The "regarded as" prong does not apply, however, to "impairments that are transitory and minor." *Id.* A transitory impairment is one "with an actual or expected duration of 6 months or less." 42 U.S.C. § 12102(3)(B). Whether Plaintiff's condition was a "transitory and minor" impairment is a defense to an ADA claim for which the defendant bears the burden of proof. *See, e.g.*, *Baier v. Rohr-Mont Motors, Inc.*, No. 12 C 8234, 2013 WL 2384269, at *6 (N.D. Ill. May 29, 2013); 29 C.F.R. § 1630.15(f). Therefore, we decline to determine the merits of the defense at the motion to dismiss stage. Plaintiff has plausibly alleged that Defendant regarded him as disabled and his claim may proceed as a result. (*See* Am. Coml. ¶¶ 50–51, 57–58, 60.)

       3.      <u>Causation</u>

Defendant next argues that Plaintiff failed to adequately plead he was discharged because of an actual or perceived disability. (Def. Mem. at 7–8.) Defendant contends Plaintiff must

14

show his employer would not have fired him "but for" his actual or perceived disability. (*Id.*)
The 2008 amendments to the ADA changed the causation language prohibiting discrimination
"because of" a disability to instead prohibit discrimination "on the basis of" a disability. *Silk*,
795 F.3d at 706. The Seventh Circuit has acknowledged that it has not yet resolved whether "'on
the basis of' means anything different from 'because of,'" and "it is an open question whether
the but-for standard . . . survived the [2008] amendment to the ADA." *Id.* (quoting
*Serwatka v. Rockwell Automation, Inc.*, 591 F.3d 957, 959 (7th Cir. 2010)); *cf. Milsap v. City of
Chi.*, No. 16 C 4202, 2018 WL 488270, at *6 (N.D. Ill. Jan. 19, 2018) (finding although it is an
"open question in this Circuit as to whether the 2008 amendments to the ADA opened the door
to" a lower standard, courts continue to "employ the 'but for' standard").

Regardless, at this stage, Plaintiff's allegations permit an inference that he would not
have been terminated but for his injury. He alleges Defendant "perceived Plaintiff as not being
capable to complete his job because of his disability" and he was ultimately terminated when he
returned to work after his medical leave as a result. (Am. Compl. ¶ 60.) Plaintiff also alleges
"he was told his termination was due to him missing work because of his injury." (*Id.* ¶ 42.) He
further asserts he was terminated "due to his disability having a contused and fractured finger."
(*Id.* ¶ 17; *see also* ¶¶ 56, 58.) These allegations are sufficient at the pleadings stage to establish
Defendant would not have terminated Plaintiff but for his disability. We therefore deny
Defendant's motion to dismiss Plaintiff's disparate treatment claim based on a "record of"
disability or being "regarded as" disabled.

      4.     <u>Failure to Accommodate</u>

Finally, Defendant contends Plaintiff has failed to state a claim for failure to
accommodate. (Mem. at 9–10.) To prevail on a failure to accommodate claim, Plaintiff must

15

show (1) he is a qualified individual with a disability[4]; (2) the employer was aware of his disability; and (3) the employer failed to reasonably accommodate the disability. *Mobley v. Allstate Ins. Co.*, 531 F.3d 539, 545 (7th Cir. 2008); *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005). Defendant argues Plaintiff neither alleges Defendant imposed restrictions upon his return to work on February 16, 2015, nor alleges he requested a reasonable accommodation, so "CTA could not accommodate something it neither had knowledge of . . . nor could CTA accommodate something that was never requested by Plaintiff or on Plaintiff's behalf." (Mem. at 10.)

As set forth above, Plaintiff has adequately pled he is a qualified individual with a disability under the "record of disability" prong at this stage. Plaintiff also alleges Defendant was aware of his disability, as he asserts he "sent verification" of his medical condition and restrictions several times and he "made Defendant aware of [his] disability on several occasions throughout his employment." (Am. Compl. ¶¶ 38, 57.) He also alleges Defendant failed to accommodate his disability because he was not "given other tasks within his job duties which he could complete with or without reasonable accommodation" before being terminated. (*Id.* ¶ 43; *see also* ¶ 59.) Although Plaintiff does not specify what accommodation he requested, at the pleading stage, he has alleged sufficient facts to state a claim. Accordingly, Defendant's motion to dismiss Plaintiff's failure to accommodate claim is denied.

---

[4] "The amendments to the ADA clarified that employers needn't provide reasonable accommodation to a 'regarded as' disabled individual." *Majors v. Gen. Elec. Co.*, 714 F.3d 527, 535 n.4 (7th Cir. 2013) (citing 42 U.S.C. 12201(h)); *see also Powers v. USF Holland, Inc.*, 667 F.3d 815, 823 n.7 (7th Cir. 2011) ("[T]he ADAAA clarified that an individual 'regarded as' disabled (as opposed to actually disabled) is not entitled to a 'reasonable accommodation.'"). Accordingly, with respect to Plaintiff's failure to accommodate claim, he can proceed only under the "record of disability" definition of disability.

## II. COUNT II

Defendant also moves to dismiss Plaintiff's Count II state claim for retaliatory discharge in violation of the IWCA, arguing that it fails to state a claim upon which relief may be granted and is time-barred. (Mem. at 3–4, 10–11; Reply at 4–5, 11.) "The Illinois Supreme Court has recognized a common-law cause of action for retaliatory discharge where an employee is terminated because of his actual or anticipated exercise of workers' compensation rights." *Beatty v. Olin Corp.*, 693 F.3d 750, 753 (7th Cir. 2012). To prevail on a claim of retaliatory discharge, the plaintiff must prove three elements: "(1) that he was an employee before the injury; (2) that he exercised a right granted by the Workers' Compensation Act; and (3) that he was discharged and that the discharge was causally related to his filing a claim under the Workers' Compensation Act." *Id.* (quoting *Clemons v. Mech. Devices Co.*, 184 Ill. 2d 328, 235 704 N.E.2d 403, 406 (Ill. 1998)).

Defendant argues Plaintiff failed to allege that "the individuals who decided to terminate Plaintiff also knew of his Worker's Compensation Claim," and he cannot show an unlawful motive as a result. (Mem. at 11.) Taking Plaintiff's allegations as true, he has stated a claim for retaliatory discharge. There is no dispute he alleges he was an employee before his hand injury, and he exercised his rights under the IWCA by applying for worker's compensation on January 7, 2015. (*See* Am. Compl. ¶¶ 11, 14, 18, 20, 35, 64–70.) In addition, contrary to Defendant's assertion, Plaintiff alleges "Defendants were aware that Plaintiff filed a claim for Worker's Compensation benefits" and within six weeks, he was terminated because he filed an IWCA claim. (*Id.* ¶¶ 66–68.)

Defendant next contends the Illinois Tort Immunity Act's one-year statute of limitations, 745 ILCS 10/8-101(a), applies, or in the alternative, Illinois' two-year statute of limitations for

17

personal injury actions, 735 ILCS 5/13-202, applies to bar Plaintiff's retaliatory discharge claim. (Mem. at 3–4.) Plaintiff counters that because he is not seeking punitive damages, neither the Tort Immunity Act nor the personal injury statute of limitations is applicable here. (Resp. at 5.) Instead, Plaintiff urges us to apply the five-year "catch-all" limitations period applicable to "all civil actions not otherwise provided for." 735 ILCS 5/13–205.

"[A]lthough a plaintiff need not anticipate or overcome affirmative defenses such as those based on the statute of limitations, if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chi.*, 777 F.3d 885, 889 (7th Cir. 2015); *see also U.S. Gypsum Co. v. Ind. Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003) ("A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense . . . ."). Here, Plaintiff's retaliatory discharge claim does not appear time-barred on its face. Under Illinois law, the statute of limitations for a retaliatory discharge claim based on a violation of the IWCA is five years under 735 ILCS 5/13–205. *Collins v. Town of Normal*, 2011 IL App (4th) 100694, ¶ 20, 951 N.E.2d 1285, 1290 (holding plaintiff's claim that he was discharged in retaliation for exercising rights under the IWCA was subject to Illinois' five-year statute of limitations because retaliatory discharge actions based on the IWCA are exempt from the provisions of the Tort Immunity Act under 745 ILCS 2–101(c) and therefore its one-year statute of limitations does not apply); *Jones v. Metro. Water Reclamation Dist. of Greater Chi.*, No. 17 C 5879, 2018 WL 3770070, at *5 (N.D. Ill. Aug. 9, 2018) (applying Illinois' five-year statute of limitations to plaintiff's claim that a local government entity discharged her in retaliation for seeking and claiming benefits under the IWCA). Accordingly, we deny Defendant's motion to dismiss Count II of Plaintiff's amended complaint.

18

## CONCLUSION

For the reasons stated above, we grant in part and deny in part Defendant's motion to dismiss. Defendant's motion is granted as to Plaintiff's Rehabilitation Act Claim in Count I, because the claim is time-barred. Defendant's motion is denied in all other respects. It is so ordered.

                                                      Marvin E. Aspen
                                                      United States District Judge

Dated:  September 7, 2018
           Chicago, Illinois